UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|   |   |
|---|---|
| JENNIFER PARDI-MCCARTHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PROFESSIONAL DISABILITY ASSOCIATES, LLC; THE ADVOCATOR GROUP, LLC; BROWN & BROWN INSURANCE, INC.; and BROWN & BROWN ABSENCE SERVICES GROUP, LLC, | ) CIVIL ACTION NO. |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Professional Disability Associates, LLC ("PDA"), The Advocator Group, LLC ("TAG"), Brown & Brown, Inc.[1] ("BBI"), and Brown & Brown Absence Services Group, LLC ("BBASG") (collectively, "Defendants") by and through their undersigned counsel, respectfully file this Notice of Removal from the Superior Court of the State of Maine, Cumberland County, to the United States District Court for the District of Maine. In support thereof, Defendants states as follows:

### Background

1. On or about April 28, 2022, Plaintiff Jennifer Pardi-McCarthy ("Plaintiff") filed a Complaint for Damages and Injunctive Relief and Demand for Jury Trial ("Complaint") against

---

[1] Plaintiff has misidentified two of the Defendants in this action, which is styled as *Jennifer Pardi-McCarthy v. Professional Disability Associates, LLC, The Advocator Group, LLC, Brown & Brown Insurance, Inc., and Brown & Brown Absence Services Group, LLC.* First, "The Advocator Group" underwent a corporate name change in February of 2021, and is now Brown & Brown Absence Services Group, LLC. There has never been a corporate entity affiliated with any of the named defendants named "Brown & Brown Insurance, Inc.," but based on Plaintiff's allegations, the correct entity appears to be Brown & Brown, Inc.

the Defendants in the Superior Court of the State of Maine, Cumberland County.  See Exhibit A. The case is captioned *Jennifer Pardi-McCarthy v. Professional Disability Associates, LLC, The Advocator Group, LLC, Brown & Brown Insurance, Inc., and Brown & Brown Absence Services Group, LLC*, Docket No. CV-2022-160 ("State Court Action").

2. On or about May 2, 2022, Plaintiff filed a First Amended Complaint for Damages and Injunctive Relief and Demand for Jury Trial against the Defendants in the State Court Action ("Amended Complaint").  See Exhibit B.

3. This removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of Defendants' May 20, 2022 receipt of a Summons and copies of both the Complaint and Amended Complaint. As such, May 20, 2022 is the first date on which the Defendants received any document from which removability could be ascertained.  Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibit A and Exhibit B.

## Venue

4. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because the State Court Action was filed within this District.

5. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## Grounds for Removal

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b) because the Plaintiff's action is founded upon claims and rights arising under the laws of the United States, including the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*., Title VII of the Civil Rights Act of 194, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. §§ 1201 *et seq.* ("ADA").

**Federal Question Jurisdiction**

7. Count II of Plaintiff's Amended Complaint asserts that Defendants terminated her employment in violation of the FMLA. *See* Amended Compl. ¶¶111-117.

8. Count IV of Plaintiff's Amended Complaint alleges that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964. *See id.* at ¶¶ 126-128.

9. Count V of the Plaintiff's Amended Complaint alleges that Defendants discriminated against her in violation of the Americans with Disabilities Act because of her association with her disabled parents. *See id.* ¶¶ 129-133.

10. As such, the Amended Complaint establishes that the Plaintiff's right to relief depends on a resolution of several substantial questions of federal in dispute between the parties, to wit, the FMLA, Title VII, and the ADA.

11. Although Plaintiff has asserted several state-law claims that do not arise under federal law, those claims are removable as part of the entire case pursuant to 28 U.S.C. § 1441(c).

**Notice to State Court and Adverse Party**

12. Pursuant to 28 U.S.C. § 1446(d), promptly after filing of this Notice, a notice of this removal, together with a copy of this Notice, will be filed with the Clerk of the Superior Court of the State of Maine, Cumberland County, and will also be served on opposing counsel.

WHEREFORE, Defendants hereby removes this case from the Superior Court of the State of Maine, Cumberland County, to the United States District Court for the District of Maine and respectfully asks that this action proceed in this Court.

\*\*\*

        Respectfully submitted,

        **PROFESSIONAL DISABILITY ASSOCIATES, LLC; THE ADVOCATOR GROUP, LLC; BROWN & BROWN INSURANCE, INC.; and BROWN & BROWN ABSENCE SERVICES GROUP, LLC,**

        By their attorneys,

By:   */s/ Christopher M. Pardo*
      Christopher M. Pardo (Bar No. 006508)
       cpardo@HuntonAK.com
      Elizabeth L. Sherwood (*pro hac vice forthcoming*)
       esherwood@HuntonAK.com
      HUNTON ANDREWS KURTH LLP
      60 State Street, Suite 2400
      Boston, MA 02109
      Tel: (617) 648-2800
      Fax: (617) 433-5022

Dated:  June 17, 2022

## CERTIFICATE OF SERVICE

      I, Christopher M. Pardo, hereby certify that on June 17, 2022, a true and correct copy of the foregoing document was delivered to the Clerk of Court at *MaineECFIntake@med.uscourts.gov* for electronic filing through the Court's CM/ECF system and was served upon the following counsel of record via first-class and electronic mail:

Maria Fox
Stacey Neumann
Alison Tozier
MURRAY PLUMB & MURRAY
75 Pearl Street, 3rd Floor
Portland, ME 04104
*mfox@mpmlaw.com*
*sneumann@mpmlaw.com*
*atozier@mpmlaw.com*

                                                                               */s/ Christopher M. Pardo*
                                                                               Christopher M. Pardo